JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
  E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
  E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
  E-mail: mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
CREE, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE COURTHOUSE

| | |
|---|---|
| CREE, INC., a North Carolina Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>MAXBRITE LED LIGHTING TECHNOLOGY, LLC, a California Limited Liability Company; JOHN ANH LE a/k/a JOHN LEE and a/k/a KIM LE, an Individual; and DOES 1-10, Inclusive,<br><br>  Defendants. | Case No.: 5:16-cv-06689<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/*Lanham Act* § 32(a)];**<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)];**<br>**(4) CONTRIBUTORY TRADEMARK INFRINGEMENT**<br>**(5) FEDERAL DESIGN PATENT INFRINGEMENT [35 U.S.C. §271]; AND**<br>**(6) CONTRIBUTORY DESIGN PATENT INFRINGEMENT**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiff Cree, Inc. ("Plaintiff") hereby files its Complaint for Damages and Declaratory Relief ("Complaint") against Defendants Maxbrite LED Lighting Technology, LLC ("Maxbrite"); John Anh Le, who is also known as John Lee and/or Kim Le; and DOES 1-10, inclusive (collectively "Defendants").

**PARTIES**

1. Plaintiff, is now, and was at the time of the filing of this Complaint, and at all intervening times, a North Carolina corporation with its principal place of business located in Durham, North Carolina.

2. Plaintiff alleges, on information and belief, that Defendant Maxbrite LED Lighting Technology, LLC ("Defendant"), is now, and was at the time of the filing of this Complaint, a California limited liability company with its principal place of business located in San Jose, California.

3. Plaintiff is informed and believes that Defendant John Anh Le is, at the time of the filing of this Complaint and at all intervening times, an individual also known as John Lee and/or Kim Le, who resides in San Jose, California, and is a principal member of Defendant Maxbrite, controlling and supervising its business operations.

4. Defendant Maxbrite did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

5. Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant Maxbrite was undercapitalized.

6. Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant Maxbrite failed to observe corporate formalities required by law.

7. Plaintiff further alleges, on information and belief, that Defendant John Anh Le is the alter ego of Defendant Maxbrite and that Defendant John Anh Le personally directed and benefited from the infringing activities of Defendant Maxbrite.

8. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff.

Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

9. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendants and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

10. Plaintiff further alleges that Defendants and DOES 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth and shall henceforth be referred to collectively as "Defendants."

## JURISDICTION / VENUE

11. This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin, and dilution under the Lanham Act (15 U.S.C. §1051 *et seq.*), and design patent infringement under the Patent Act (35 U.S.C. §271).

12. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a) and 1338 (a)(b).

13. Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and has caused damages to Plaintiff in this district.

14. Personal jurisdiction exists over Defendants because on information and belief, Defendants conduct business in California and in this judicial district, have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

/ / /

/ / /

**INTRADISTRICT ASSIGNMENT**

15. Pursuant to Rule 3-2(c) of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California ("Civil L.R.") and the Court's Assignment Plan, this is an Intellectual Property Action to be assigned on a district wide-basis.

16. Assignment to the San Jose Division is appropriate pursuant to Civil L.R. 3-2(d) because a substantial part of the events that give rise to Plaintiff's claims against Defendants occurred in Santa Clara County, California, where Defendant's principal place of business is located.

**GENERAL ALLEGATIONS**

**Plaintiff and its Famous CREE® Brand and Products**

17. Plaintiff was founded in 1987 as a manufacturer of silicon carbon ("SiC") wafers. Building on its success with SiC, Plaintiff began developing an innovative light emitting diode ("LED") for use in a variety of applications and introduced numerous LEDs in the 1990s and 2000s.

18. Plaintiff is a market-leading innovator in the design, development, manufacture, and sale of LEDs, lighting products using LEDs, semiconductor products for RF applications, and a variety of other products under various trademarks, including but not limited to the CREE® marks. Plaintiff's CREE®-branded products and marks have achieved great success since their introduction at least as of July 1990.

19. Plaintiff's lighting and related products have earned a reputation for innovation, quality and performance. Plaintiff has spent substantial time, money and effort in developing consumer recognition and awareness of its CREE® marks and products. Plaintiff has spent an enormous amount of money on print and Internet advertising in order to inform consumers of the benefits of Plaintiff's products and services.

20. Through the extensive use of Plaintiff's marks, Plaintiff has built up and developed significant goodwill in its entire product line. Wide arrays of newspapers, magazines and television networks have included advertising of Plaintiff's products, which are immediately

identified by Plaintiff's marks.

21. As a result of the quality and popularity of the CREE®-branded products, including Plaintiff's LED and LED lighting products, the CREE® marks have been prominently placed in the minds of the public. Consumers, purchasers and the members of the public have become familiar with Plaintiff's intellectual property and products, and have come to recognize the CREE® marks and products, and associate them exclusively with Plaintiff. Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, the CREE® marks are famous in the United States and around the world.

### Plaintiff's Trademarks

22. While Plaintiff has gained significant common law trademark and other rights in its CREE® products and services through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining numerous federal trademark registrations. This includes registration for the following non-exhaustive list of Trademarks (collectively referred herein as "CREE® Trademarks"). The registration certificates for the CREE® Trademarks are attached hereto as **Exhibits** "**A**" - "**D**," respectively:

  A. CREE: United States Patent and Trademark Office ("USPTO") Reg. No.: 2,440,530, Registered April 3, 2001, for electronic devices and materials, namely, optoelectronic devices, light emitting diodes, photodiodes, and silicon carbide semiconductor wafers;

  B. CREE: USPTO Reg. No.: 3,935,628, Registered March 22, 2011, for diodes, transistors, semiconductor devices, semiconductor chips, and semiconductor wafers;

  C. CREE: USPTO Reg. No.: 3,935,629, Registered March 22, 2011, for flashlights, light emitting diode lighting fixtures, light bulbs, lighting fixtures, and spotlights; and

  D. CPY250: USPTO Reg. No.: 4,888,986, Registered January 19, 2016, for lighting fixtures using light-emitting diodes as the light source.

/ / /

/ / /

/ / /

/ / /

- 5 -
COMPLAINT - Case No.: 5:16-cv-06689

**Plaintiff's Design Patents**

23. Plaintiff is one of the foremost designers and manufacturers of lighting and LED related products in the world. Plaintiff designs and manufactures LED lighting products for commercial and business use.

24. Plaintiff owns various valid and lawfully issued United States Design Patents for its lighting products, including but not limited to U.S. Design Patent Nos.: D721,844 S (parent) and D743,084 S (divisional) (collectively referred herein as "CREE Design Patents").







**Defendants' Wrongful and Infringing Conduct**

25. Plaintiff has never authorized or consented to Defendants' use of Plaintiff's CREE® Trademarks or any confusingly similar marks.

26. Plaintiff has never authorized or consented to Defendants' manufacturing, copying, selling, importing, or distributing any products embodying the CREE Design Patents.

27. By letter dated April 22, 2016, counsel for Plaintiff placed Defendants on notice that its advertising, offer for sale, and sale of certain lighting products infringed on specific CREE® Trademarks and CREE Design Patents.

28. On May 3, 2016, Defendant John Anh Le, a/k/a John Lee, confirmed via email to counsel for Plaintiff that Defendants are in receipt of the April 22, 2016 letter.

29. On May 26, 2016, Plaintiff's investigator purchased an LED Canopy Gas Station Luminaire from Defendants through its website, www.maxbriteled.com, for a cost of $292.52, paid for by a PayPal electronic fund transfer.

30. The LED Canopy Gas Station Luminaire purchased and received from Defendants was inspected by Plaintiff to determine its authenticity. Plaintiff's inspection of the purchased item confirmed that the item Defendants sold and distributed infringed upon the CREE Design Patents.

31. On July 26, 2016, and August 8, 2016, Plaintiff's investigator purchased LED Shoebox Parking Lot Fixtures from Defendants through its website, www.maxbriteled.com, for costs of $525.57 and $431.77, respectively, paid for by PayPal electronic fund transfers. The listings on www.maxbriteled.com advertised that each of the two purchased products contained a "Cree LED light source, 14,029 lumen."

32. The two LED Shoebox Parking Lot Fixtures purchased and received from Defendants were inspected by Plaintiff to determine their authenticity. Plaintiff's inspection of the purchased items confirmed that the items Defendants sold and distributed did not contain Plaintiff's LED light products or component parts. The "light source" on the products did not originate from Plaintiff, was not manufactured or distributed by Plaintiff, and was not authorized by Plaintiff.

33. By these sales, and on information and belief, Defendants violated and continue to violate Plaintiff's exclusive rights in its trademarked and patented lighting products, components, and related goods and services, and use images and marks which are confusingly similar to, identical to, and/or constitute infringing reproductions of Plaintiff's trademarks and design patented products to confuse consumers and aid in the promotion and sales of their unauthorized goods.

34. Defendants' conduct and use began long after Plaintiff's adoption and use of its CREE® Trademarks and CREE Design Patents, and after Plaintiff obtained the trademark registrations and issued design patents alleged above, and after Plaintiff's marks became famous. Indeed, Defendants had knowledge of Plaintiff's ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with intent to cause confusion, tarnish, counterfeit and dilute Plaintiff's marks and products. Defendants also had knowledge of Plaintiff's ownership of the design patents and reproduced the products claimed by them in bad faith and in violation of Plaintiff's patent rights. Neither Plaintiff nor any authorized

agents of Plaintiff have consented to Defendants' use of Plaintiff's CREE® Trademarks or CREE Design Patents in the manner complained of herein.

35. Defendants' actions were committed negligently, recklessly, willfully, and/or in bad faith and with the intent to dilute Plaintiff's marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the origin, source, sponsorship and/or affiliation of Defendants, and/or Defendants' infringing goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

36. In committing these acts, Defendants have, among other things, negligently, recklessly, willfully, or in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiff: (i) infringed, tarnished, and diluted Plaintiff's rights in the CREE® Trademarks; (ii) misled the public into believing there is an association or connection between Defendants and Plaintiff, and the products advertised and sold by Defendants and Plaintiff; (iii) used false designations of origin on or in connection with its goods and services; (iv) committed false advertising and unfair business practices; (vi) infringed upon Plaintiff's patented designs; and (viii) unfairly profited from such activity. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

**FIRST CAUSE OF ACTION**

**(Infringement of Registered Trademarks against Defendants MAXBRITE LED LIGHTING TECHNOLOGY, LLC; JOHN ANH LE a/k/a JOHN LEE and/or KIM LE; and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1114/*Lanham Act* § 32(a)]**

37. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

38. Plaintiff has continuously used its CREE® Trademarks in interstate commerce.

39. Plaintiff, as the owner of all right, title and interest in and to these trademarks, has standing to maintain an action for trademark infringement under the U.S. Trademark Statute 15 U.S.C. § 1114.

///

40. Defendants are, and at the time of their actions complained of herein were, actually aware that Plaintiff is the registered trademark owner of the CREE® Trademarks. (*See* **Exhibits "A" - "D"**).

41. Defendants did not have and failed to obtain the consent or authorization of Plaintiff as the registered owner of the CREE® Trademarks to deal in and commercially distribute, market and sell CREE® products bearing Plaintiff's asserted marks into the stream of commerce.

42. Defendants negligently, recklessly, willfully, and/or in bad faith used in commerce the reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's asserted marks in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit CREE® products bearing the CREE® Trademarks.

43. Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered CREE® Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, import, distribution, and/or advertising of goods. Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit CREE® products bearing the CREE® asserted marks.

44. Defendants' use and sale of lighting products bearing Plaintiff's trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff.

45. Defendants' acts infringe on Plaintiff's exclusive rights and goodwill in the marks, as well as causing confusion or to cause mistake and to deceive.

46. Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the CREE® Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiff requests injunctive relief.

47. Defendants' continued use of Plaintiff's asserted marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of § 32 of the *Lanham Act*, 15 U.S.C. § 1114. Based on such conduct, Plaintiff is

entitled to injunctive relief as well as monetary damages, and other remedies provided by §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition against Defendants MAXBRITE LED LIGHTING TECHNOLOGY, LLC; JOHN ANH LE a/k/a JOHN LEE and/or KIM LE; and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)]**

48. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

49. Plaintiff, as the owner of all common law right, title, and interest in and to the CREE® asserted marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, *Lanham Act* § 43(a) (15 U.S.C. § 1125). Plaintiff's asserted marks are fanciful, inherently distinctive and/or have acquired distinctiveness.

50. Defendants have, without authorization, on or in connection with its goods and services, used in commerce marks which are confusingly similar to the asserted marks, and have made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

51. Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's asserted marks.

52. On information and belief, the conduct of Defendants has been negligent, reckless, willful, or in bad faith to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiff's rights.

///

53. Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks which are confusingly similar to and constitute a counterfeit reproduction of Plaintiff's asserted marks would cause confusion, mistake, or deception among purchasers, users and the public.

54. Defendants' use and sale of lighting products bearing Plaintiff's asserted marks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine CREE® products.

55. Defendants' continuing use of Plaintiff's asserted marks constitutes false designation of origin and unfair competition in violation of § 43(a) of the *Lanham Act*, 15 U.S.C. § 1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

56. Defendants' wrongful conduct has permitted or will permit them to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its CREE® products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of their marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiff seek damages and an accounting of Defendants' profits, and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

57. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the *Lanham Act*, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

/ / /

/ / /

/ / /

/ / /

/ / /

## THIRD CAUSE OF ACTION

**(Dilution against Defendants MAXBRITE LED LIGHTING TECHNOLOGY, LLC; JOHN ANH LE a/k/a JOHN LEE and/or KIM LE; and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1125(c)]**

58. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

59. Plaintiff's asserted marks are distinctive and famous within the meaning of the *Lanham Act*.

60. Upon information and belief, Defendants' unlawful actions began long after Plaintiff's mark became famous, and Defendants acted negligently, recklessly, willfully, or in bad faith to trade on Plaintiff's reputation and to dilute Plaintiff's asserted marks. Defendants' conduct is wanton and egregious.

61. Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine CREE® products. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's asserted and other marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and injure the business reputation of Plaintiff and its marks.

62. Defendants' acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully for the damages which have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

63. As the acts alleged herein constitute a violation of § 43(c) of the *Lanham Act*, 15 U.S.C. § 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

/ / /

**FOURTH CAUSE OF ACTION**

**(Contributory Infringement of Registered Trademarks Against Defendants MAXBRITE LED LIGHTING TECHNOLOGY, LLC; JOHN ANH LE a/k/a JOHN LEE and/or KIM LE; and DOES 1 through 10, Inclusive)**

64.  Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

65.  Defendants are and at the time of their actions complained of herein were actually aware that Plaintiff is the registered owner of the CREE® Trademarks.

66.  Defendants did not have and failed to obtain the consent or authorization of Plaintiff as the registered owner of the CREE® Trademarks to use Plaintiff's Trademarks to deal in and commercially distribute, advertise and sell products to consumers.

67.  Plaintiff is informed and believes that Defendants knew or should have known that the products they were dealing in, distributing, selling, and/or advertising on behalf of their customers were lighting products infringing upon the CREE® Trademarks.

68.  Plaintiff is informed and believes and alleges that Defendant John Anh Le profited directly from Defendant MaxBrite's and his infringing use of the CREE® Trademarks.

69.  Plaintiff is informed and believes and alleges that Defendant John Anh Le had the right and ability to supervise and/or control and indeed directed the infringing activity of Defendant Maxbrite.

70.  As a proximate result of Defendants' contributory actions infringing upon the CREE® Trademarks, Plaintiff has been damaged.

**FIFTH CAUSE OF ACTION**

**(Federal Design Patent Infringement Against Defendants MAXBRITE LED LIGHTING TECHNOLOGY, LLC; JOHN ANH LE a/k/a JOHN LEE and/or KIM LE; and DOES 1 through 10, Inclusive)**

**[35 U.S.C. §271]**

71.  Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

1    72.   Plaintiff is the owner of the CREE Design Patents with the United States Patent & Trademark Office certificate numbers D721,844 S and D743,084 S.

73.   Upon information and belief, Defendants have infringed and continue to infringe directly and indirectly the CREE Design Patents by advertising, offering to sell, selling and/or distributing in the United States and/or importing into the United States, lighting products which embody the designs covered by Plaintiff's design patents or equivalents thereof, including but not limited to LED Canopy Gas Station Luminaires.

74.   Upon information and belief, Defendants' infringing products include all of the ornamental designs of the CREE Design Patents or equivalents thereof.

75.   The design of the LED Canopy Gas Station Luminaire purchased from Defendants is the same or substantially the same as Plaintiff's CREE Design Patents. The design of Defendants' knockoff product are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase the infringing products believing them to be substantially the same as Plaintiff's authentic lighting products. The following is a side-by-side comparision of the trademarked and patented CPY250 gas canopy model manufactured and sold by Plaintiff with a picture of the infringing LED Canopy Gas Station Luminaire sold by Defendants, as adverstised by Defendants on November 9, 2016, on their website www.maxbriteled.com/download/NURAGasStationLuminaireSpecSheet.pdf:




76. By their conduct, Defendants have violated and continue to violate 35 U.S.C. §271 by infringement of Plaintiff's CREE Design Patents, by advertising, offering to sell, selling, and/ordistributing in the United States and/or importing into the United States products that are the equivalent of the CREE Design Patents.

77. On information and belief, Defendants have violated and continue to violate 35 U.S.C. §271 by indirect infringement of Plaintiff's CREE Design Patents, by inducing others to directly infringe the CREE Design Patents by advertising, offering to sell, selling, and/or distributing in the United States and/or importing into the United States products that directly infringe the CREE Design Patents.

78. Plaintiff has not granted a license or other authorization to Defendants to make use, offer to sale, sell, import, or distribute any lighting products bearing similarities to the CREE Design Patents, particularly in relation to Plaintiff's product known and trademarked as the CPY250.

79. Plaintiff is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of the CREE Design Patents.

80. As a direct and legal result of Defendants' wrongful conduct, Plaintiff has been and will be irreparably and permanently harmed; wherefore Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to, among other things, an order enjoining and restraining Defendants from further engaging in infringement of the CREE Design Patents.

81. Defendants' infringement of the CREE Design Patents is and has been willful. Accordingly, Plaintiff is entitled to its monetary damages, in an amount to be proven at trial, an award of treble damages, and its reasonable attorney's fees and costs.

### SIXTH CAUSE OF ACTION

**(Contributory Infringement of Registered Design Patents Against Defendants MAXBRITE LED LIGHTING TECHNOLOGY, LLC; JOHN ANH LE a/k/a JOHN LEE and/or KIM LE; and DOES 1 through 10, Inclusive)**

82. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

83. Defendants are and at the time of their actions complained of herein were actually aware that Plaintiff is the registered owner of the CREE Design Patents.

84. Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the CREE Design Patents to use the protected design to deal and commercially distribute, advertise and sell products to consumers.

85. Plaintiff is informed and believes that Defendants knew or should have known that the products they were dealing in, importing, distributing, selling, and/or advertising on behalf of their customers were lighting products infringing upon the CREE Design Patents.

86. Plaintiff is informed and believes and alleges that Defendant John Anh Le profited directly from Defendant MaxBrite's and his infringing use of the CREE Design Patents.

87. Plaintiff is informed and believes and alleges that Defendant John Anh Le had the right and ability to supervise and/or control and indeed directed the infringing activity of Defendant Maxbrite or, on information and belief, Defendants knowingly induced infringement and has had a specific intent to induce infringement of the Cree Design Patents by its activities relating to the marketing, sales, support and distribution of the products.

88. As a proximate result of Defendants' contributory actions infringing upon the CREE Design Patents, Plaintiff has been damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cree, Inc., prays for judgment against Defendants Maxbrite LED Lighting Technology, LLC; John Anh Le, who is also known as John Lee and/or Kim Le; and DOES 1 through 10, inclusive, and each of them, as follows:

1. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

2. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

3. For $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed under 15 U.S.C. § 1117(c).

4. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

5. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff's trademarks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

6. Judgment in favor of Plaintiff and against Defendants, that the CREE Design Patents are valid and Defendants have and continue to directly infringe, induce infringement and contribute to infringement of the Cree Design Patents;

7. For an award of all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. §284, together with prejudgment interest;

8. For an award of all profits, pursuant to 35 U.S.C. §289 together with prejudgment interest;

9. For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any trademark; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

10. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

11. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

12. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. § 1118;

13. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. § 1117(b);

14. For damages in an amount to be proven at trial for unjust enrichment;

15. For an award of exemplary or punitive damages in an amount to be determined by the Court;

16. For Plaintiff's reasonable attorney's fees;

17. For all costs of suit;

18. For such other and further relief as the Court may deem just and equitable.

DATED: November 18, 2016          JOHNSON & PHAM, LLP

By: __/s/ Christopher D. Johnson_____
Christopher D. Johnson, Esq.
Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
Attorneys for Plaintiff
CREE, INC.

## **DEMAND FOR JURY TRIAL**

Plaintiff Cree, Inc. respectfully demands a trial by jury in this action pursuant to Civil L.R. 3-6(a).

DATED: November 18, 2016          JOHNSON & PHAM, LLP

By: __/s/ Christopher D. Johnson_____
Christopher D. Johnson, Esq.
Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
Attorneys for Plaintiff
CREE, INC.